**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DONNIE PARNELL, ET AL**                                                     **PLAINTIFFS**

**VERSUS**                                       **CIVIL ACTION NO. 1:07cv910JMR**

**WAL-MART STORES ,INC, ET AL**                                    **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

      This cause comes before the Court on the motions of the defendant, Wal-Mart Stores [Wal-Mart] for summary judgment [26-1] and for supplementation of Summary Judgment [27-1] based on the Plaintiff's allegations concerning liability against Wal-Mart when a storage shed fell on a customer causing injuries pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

<u>Standard of Review</u>

      A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Further, ". . . summary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support the nonmovant's cause of action. *Celotex,* 477 U.S. at 325; *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir. 1996). Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the non movant, summary judgment is implicated. *Id*.; *Exxon*, 4 F.3d at 1297 Assertions unsupported by facts are insufficient to oppose a summary judgment motion., *Williams v. Weber Management Services,* 839 F.2d 1039 (5th Cir. 1987).

Statement of Facts

On June 9,2006, as the plaintiff existed that Wal-Mart store in Lucedale, Mississippi, the wind blew a Suncast Mini Storage Building B-52  UPC #4436501306 that was on display outside of the Defendant's store onto the Plaintiff. Originally, the building was located outside of the store in the corner near the entrance/exit through which the Plaintiff's passed. It is undisputed that the wind moved the building from its original location to the position next to the entrance/exit where it fell on the plaintiff, Donnie Parnell. There are substantial issues of fact as to whether other merchandise and/or shopping carts were blown around that day. However, it is undisputed that it was a very windy day. Moreover, it is apparently unknown who assembled the building, who put it on the outside corner and whose decision it was to place the building in that position. It is undisputed

that a Wal-Mart employee assembled the building and that it was placed outside without being secured. It is undisputed that Wal-Mart did not have any rules or procedures regarding how merchandise should be placed outside .

## Conclusions of Law

Under Mississippi law, merely proving the occurrence of an accident on a business premises is insufficient to prove liability; rather the plaintiff must demonstrate that the operator of the business is negligent. *Lindsey v. Sears, Roebuck, and Company,* 16 F.3d 616,618 (5th Cir. 1994) citing *Sears, Roebuck and Company* v. *Tisdale*, 185 So.2d 916,917 (Miss.1966). The owner or occupant of a business is not the insurer against all injuries. *Jerry Lee's Grocery Inc. v. Thompson,* 528 So.2d 293,295 (Miss.1988); *Taylor v. Biloxi Regional Medical Cente*r,737 So. 2d 435,437 (Miss. App. 1999); *Drennan v. Kroger*, 672 So.2d 1168,1170 (Miss.1996) . However, the owner of a business premises owes a duty to exercise reasonable care and to keep its premises in a reasonably safe condition, and if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn of the invitee of the condition..*Fulton v. Robinson Industries, Inc*. 664 So2. 170,175 (Miss. 1995); *Breeland v. Gulfside Casino Partnership*, 736 So.2d 446,448-449(Miss.App.1999); *Waller v. Dixie Land Food Stores* 492 So.2d 284 (Miss.1986).A plaintiff can establish that a business operator was negligent by showing that the business operator caused the dangerous condition., *Booth v. Wal-Mart, Stores, Inc.* 75 F. Supp.2d 544 (S.D.Miss. 1999) When a dangerous condition is caused by the operator's own negligence, no knowledge of its existence needs to be shown by the plaintiff for liability to attach. Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known about it .*Munford. ,Inc. v. Fleming,* 597 So.2d 1282, 1284 (Miss.1992)

However, there is no liability for harm resulting from a condition from which no unreasonable risk was to be anticipated or from those which the occupier neither knew about nor could have discovered with reasonable care. *Evans,* 824 F. Supp. at 97. The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such character or of such duration that the jury may reasonably conclude that due care would have discovered it. *Id*

The accident, by itself, is not sufficient to prove that a dangerous condition existed at the time of the accident. *Evans* v. *United States*, 824 F. Supp.93,97 (S.D.Miss. 1993) ; *Taylor*, 737 So.2d at 437. In order to establish a claim of negligence, it must appear that the offending defendant violated some duty to the plaintiff. *J.C.Penney,Co. v. Sumrall* , 318 So.2d 829,832 (Miss.1975). An invitee is still required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances. *Taylor*, 737 So.2d at 437 citing *Fulton v. Robinson Industries, Inc,* 664 So.2d 170,175 (Miss. 1995); *Breeland v. Gulfside Casino Partners,* 735 So.2d 446,449 (Miss. App.1999).

In order for the Plaintiff to recover in his case, he must prove either that some negligent act of the Defendant caused a dangerous condition, or if a dangerous condition was caused by a third person unconnected with the premises operation, that the defendant had either actual knowledge of the dangerous condition and failed to warn the Plaintiff or the Defendant had constructive knowledge of the dangerous condition. *Munford* , 597 at 1284; *Downs v. Choo, 656 So.2d 84,86* (Miss, 1995).

The Court finds that there are genuine issues of material fact regarding whether the building in question should have been secured in some manner before the accident. Defendant alleges that this incident was not reasonably foreseeable, thus, Defendant did not have a duty to display the building any differently or to secure it . It is undisputed that the assembly instructions accompanying

the B-52 model required that the building not be assembled until a site and foundation was prepared.(Suncast Model B52Owner's manual and Assembly Instruction, Plaintiffs' Exhibit 8) The Court finds that the finder of fact must determine the whether this incident was foreseeable in light of undisputed evidence of extremely windy condition and the fact that the building was not secured.

Based on the foregoing, the Court finds that the defendant's Motion for Summary Judgment [26-1,27-1 ] should be denied as to the issues of liability.

DATED this the 22nd day of May, 2008.

s/John M. Roper Sr.<br>UNITED STATES MAGISTRATE JUDGE